## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE:  DESONIDE CASES | |
| THIS DOCUMENT RELATES TO:<br><br>*ALL DIRECT PURCHASER ACTIONS* | 16-DS-27241 |

## SANDOZ INC. AND FOUGERA PHARMACEUTICALS INC.'S ANSWER TO THE DESONIDE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

# I.      INTRODUCTION

Defendants Sandoz Inc. ("Sandoz") and Fougera Pharmaceuticals Inc. ("Fougera"), by and through their undersigned counsel, and for their Answers to the Desonide Consolidated Direct Purchaser Class Action Complaint (the "Desonide DPP Complaint") filed by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., acting on behalf of themselves and all others similarly situated (together "Desonide DPP Putative Class Plaintiffs"), each state as follows:

All allegations contained in the Desonide DPP Complaint that are not specifically admitted in this Answer are denied.  Sandoz and Fougera are not required to respond to the headings, subheadings or footnotes in the Desonide DPP Complaint.  To the extent a response is required, Sandoz and Fougera deny any assertions in the headings or subheadings of the Desonide DPP Complaint.

# II.      SANDOZ AND FOUGERA'S ANSWERS AND RESPONSES TO THE ALLEGATIONS IN THE DESONIDE DPP COMPLAINT

1.      Sandoz and Fougera each admit that certain of the named plaintiffs purchased certain Desonide products directly from Sandoz and Fougera between January 1, 2010 through December 31, 2016 (the "Relevant Time Period").  Sandoz and Fougera are each without knowledge or information to form a belief regarding direct sales by other Defendants in this litigation to the Desonide DPP Putative Class Plaintiffs.

2.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 2 of the Desonide DPP Complaint, except that each admits that the entry of generic versions of branded drugs typically results in price competition and reductions in prices.

3.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 3 of the Desonide DPP Complaint, except that each admits that the Desonide DPP Putative Class Plaintiffs purport to seek monetary relief including treble damages.  Sandoz and Fougera each deny that the Desonide DPP Putative Class Plaintiffs are entitled to any such relief.

4.      Sandoz and Fougera each admit that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 4 of the Desonide DPP Complaint.

5.      Sandoz and Fougera each admit that Desonide is a topical corticosteroid, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 5 of the Desonide DPP Complaint.

6.      Sandoz and Fougera each admit that generic versions of Desonide have been available in the United States since the 1970s, each denies the characterization that Desonide Defendants dominate the market for Desonide, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 6 of the Desonide DPP Complaint.

7.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 7 of the Desonide DPP Complaint, except that each admits that Desonide is one of the drugs listed in the United States Government Accountability Office ("GAO") Report to Congressional Requesters, *Generic Drugs Under Medicare* (Aug. 2016).

8.      Sandoz and Fougera each admit that in March 2016, Sandoz received a subpoena from the Antitrust Division of the Department of Justice requesting documents related to the marketing and pricing of generic pharmaceutical products sold by Sandoz and Fougera.  Sandoz

and Fougera further admit that other government agencies have announced investigations regarding generic pharmaceutical prices.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 8 of the Desonide DPP Complaint.

9.      Sandoz and Fougera each admit that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 9 of the Desonide DPP Complaint.

10.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 10 of the Desonide DPP Complaint have been made in the public record, and each states that it is without sufficient knowledge to form a belief as to the truth of the underlying substance of the allegations.

11.     Sandoz and Fougera each admit that the quoted language is excerpted from the sources cited by the Desonide DPP Putative Class Plaintiffs, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 11 of the Desonide DPP Complaint.

12.     Sandoz and Fougera each admit that the quoted language is excerpted from the sources cited by the Desonide DPP Putative Class Plaintiffs, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 12 of the Desonide DPP Complaint.

13.     Sandoz and Fougera each admit that certain government agencies have represented that investigations regarding generic pharmaceutical prices are ongoing, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 13 of the Desonide DPP Complaint.

14.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 14 of the Desonide DPP Complaint.

15.     Sandoz and Fougera each admit that the Desonide DPP Putative Class Plaintiffs, on behalf of themselves and absent direct purchaser class members, purport to seek damages, but they each deny that Plaintiffs are entitled to any such relief.  Sandoz and Fougera deny the remaining allegations contained in numbered Paragraph 15 of the Desonide DPP Complaint.

16.     Sandoz and Fougera each state that numbered Paragraph 16 of the Desonide DPP Complaint states a legal conclusion as to which no response is required.

17.     Sandoz and Fougera each state that numbered Paragraph 17 of the Desonide DPP Complaint states a legal conclusion as to which no response is required.

18.     Sandoz and Fougera each admit that Sandoz and Fougera sold Desonide in the United States, state that certain allegations contained in numbered Paragraph 18 of the Desonide DPP Complaint contain legal conclusions as to which no response is required, and state that they are without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 18 of the Desonide DPP Complaint.

19.     Sandoz and Fougera each state that numbered Paragraph 19 of the Desonide DPP Complaint states a legal conclusion as to which no response is required, but each denies that either Sandoz or Fougera was engaged in an unlawful conspiracy to inflate prices for Desonide.

20.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 20 of the Desonide DPP Complaint, except it admits that Ahold may have made purchases of certain

Desonide products from Sandoz during the Relevant Time Period.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy or that Ahold paid supra-competitive prices for, or was injured by, any such purchases from Sandoz.

21.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 21 of the Desonide DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

22.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 22 of the Desonide DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

23.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 23 of the Desonide DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

24.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 24 of the Desonide DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

25.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 25 of the Desonide DPP Complaint.

26.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 26 of the Desonide DPP Complaint.

27.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 27 of the Desonide DPP Complaint.

28.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 28 of the Desonide DPP Complaint.

29.     Sandoz and Fougera each admit that, to the best of their knowledge, they sold Desonide to purchasers in this District and throughout the United States between 2013 and the present.

30.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 30 of the Desonide DPP Complaint.

31.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 31 of the Desonide DPP Complaint.

32.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 32 of the Desonide DPP Complaint.

33.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 33 of the Desonide DPP Complaint and state that pursuant to Pretrial Order 61, no further amendment of the Desonide DPP Complaint is permitted after December 21, 2018.

34.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 34 of the Desonide DPP Complaint.

35.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 35 of the Desonide DPP Complaint.

36.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 36 of the Desonide DPP Complaint.

37.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 37 of the Desonide DPP Complaint.

38.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 38 of the Desonide DPP Complaint with respect to whether Desonide is produced by other Defendants or their affiliates in the United States or overseas, but each admits that Sandoz and Fougera produced Desonide in the United States or overseas.

39.     Sandoz and Fougera each deny that they sold and distributed Desonide "in a continuous and uninterrupted flow of interstate commerce," but each admits that Sandoz' and Fougera's sales of Desonide in the United States included sales in this District.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 39 relating to the other Defendants in this litigation.

40.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 40 of the Desonide DPP Complaint.

41.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 41 of the Desonide DPP Complaint.

42.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 42 of the Desonide DPP Complaint.

43.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 43 of the Desonide DPP Complaint.

44.      Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 44 of the Desonide DPP Complaint.

45.      Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 45 of the Desonide DPP Complaint.

46.      Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 46 of the Desonide DPP Complaint.

47.      Sandoz and Fougera each generally admit the allegations set forth in numbered Paragraph 47 of the Desonide DPP Complaint, except that each denies that the prices of generic drugs are always "significantly" below those of their brand name equivalents, or that generic drugs in all cases "rapidly" gain market share "immediately" following launch.

48.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 48 of the Desonide DPP Complaint.

49.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 49 of the Desonide DPP Complaint.

50.      Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 50 of the Desonide DPP Complaint contain a statement published on the FTC website, but each denies the substance of the public statements, and each states that it is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 50 of the Desonide DPP Complaint.

51.     Sandoz and Fougera each admit that certain of the allegations set forth in numbered Paragraph 51 of the Desonide DPP Complaint have been made in the public record, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 51 of the Desonide DPP Complaint.

52.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 52 of the Desonide DPP Complaint.

53.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 53 of the Desonide DPP Complaint.

54.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 54 of the Desonide DPP Complaint.

55.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 55 of the Desonide DPP Complaint.

56.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 56 of the Desonide DPP Complaint.

57.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 57 of the Desonide DPP Complaint.

58.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 58 of the Desonide DPP Complaint.

59.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 59 of the Desonide DPP Complaint.

60.     Sandoz and Fougera each deny that there was a "price fixing conspiracy" and each states that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 60 of the Desonide DPP Complaint.

61.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 61 of the Desonide DPP Complaint, except that each admits that the market for Desonide has several generic competitors.

62.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 62 of the Desonide DPP Complaint.

63.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 63 of the Desonide DPP Complaint.

64.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 64 of

the Desonide DPP Complaint, except Sandoz admits that according to IMS data, Sandoz' sales of the relevant generic Desonide formulations in 2014 were approximately the amount indicated in numbered Paragraph 64 of the Desonide DPP Complaint.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

65.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 65 of the Desonide DPP Complaint.

66.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 66 of the Desonide DPP Complaint.

67.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 67 of the Desonide DPP Complaint.

68.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 68 of the Desonide DPP Complaint.

69.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 69 of the Desonide DPP Complaint.

70.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 70 of the Desonide DPP Complaint.

71.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 71 of the Desonide DPP Complaint.

72.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 72 of the Desonide DPP Complaint.

73.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 73 of the Desonide DPP Complaint.

74.       Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 74 of the Desonide DPP Complaint.

75.      Sandoz and Fougera each deny that they raised the prices for ointments to "supracompetitive levels" and each states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 75 of the Desonide DPP Complaint.

76.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 76 of the Desonide DPP Complaint.

77.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 77 of the Desonide DPP Complaint.

78.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 78 of the Desonide DPP Complaint.

79.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 79 of the Desonide DPP Complaint, except each states that they are without knowledge or information sufficient to form a belief as to the truth regarding changes in cost, supply, and demand of Desonide generally.

80.     Sandoz and Fougera each admit that Desonide is not currently listed on the FDA's list of Current and Resolved Drug Shortages and Discontinuations or the ASHP Current and Resolved Shortage Bulletins.  Sandoz and Fougera each deny that the pricing for Desonide was supra-competitive, and each states that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 80 of the Desonide DPP Complaint, such as whether other Defendants reported drug shortages or supply disruptions to the FDA.

81.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 81 of the Desonide DPP Complaint.

82.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 82 of the Desonide DPP Complaint.

83.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 83 of the Desonide DPP Complaint.

84.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84 of the Desonide DPP Complaint.

        (a)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(a) of the Desonide DPP Complaint.

(b)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(b) of the Desonide DPP Complaint.

(c)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(c) of the Desonide DPP Complaint.

(d)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(d) of the Desonide DPP Complaint.

(e)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(e) of the Desonide DPP Complaint.

(f)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(f) of the Desonide DPP Complaint.

(g)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84(g) of the Desonide DPP Complaint.

85.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 85 of the Desonide DPP Complaint.

86.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 86 of the Desonide DPP Complaint.

87.     Sandoz and Fougera each admit that the language is quoted from the sources cited by the Desonide DPP Putative Class Plaintiffs, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 87 of the Desonide DPP Complaint.

88.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 88 of the Desonide DPP Complaint, except each admits that Sandoz and Fougera may

have been members of trade associations and certain employees attended trade association meetings during the Relevant Time Period.

89.     Sandoz and Fougera each admit that the text quoted in numbered Paragraph 89 of the Desonide DPP Complaint consists of statements contained on the GPhA website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

90.     Sandoz and Fougera each admit that the text quoted in numbered Paragraph 90 of the Desonide DPP Complaint consists of statements contained on the GPhA website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

91.     Sandoz and Fougera each admit that, to the best of their knowledge and based on the information currently available to them in this MDL, it may have been a member of the GPhA during the Relevant Time Period, admit that the text quoted in numbered Paragraph 91 of the Desonide DPP Complaint consists of statements contained on the GPhA website, and state that they are without knowledge or information sufficient to form a belief as to the truth of the statements contained therein or the truth of the allegations as to the other Defendants in this litigation.

92.     Sandoz and Fougera each state that, except as provided in each subsection below, they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 92 of the Desonide DPP Complaint.

(a)     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them, Don DeGolyer and David Klaum were members of the Board of Directors of GPhA in 2012.  Sandoz and Fougera each state that they are without

15

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 92(a) of the Desonide DPP Complaint.

(b)     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Don DeGolyer was a member of the Board of Directors of GPhA in 2013.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 92(b) of the Desonide DPP Complaint.

(c)     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2014.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 92(c) of the Desonide DPP Complaint.

(d)     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2015.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 92(d) of the Desonide DPP Complaint.

(e)     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2016.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 92(e) of the Desonide DPP Complaint.

93.     Sandoz and Fougera each state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 93 of the Desonide DPP Complaint.

94.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 94 of the Desonide DPP Complaint generally describe the NACDS, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of that description.

95.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 95 of the Desonide DPP Complaint consist of selected text and information from the HDMA's website, and Sandoz admits that it may have been a member of HDMA/HDA during the Relevant Time Period.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the substance of quoted text or the remaining allegations set forth in numbered Paragraph 95 of the Desonide DPP Complaint.

96.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 96 of the Desonide DPP Complaint consist of selected text from the ECRM website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of that text.

97.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 97 of the Desonide DPP Complaint.

98.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 98 of the Desonide DPP Complaint.

99.     Except as otherwise admitted below, Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 99 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the organizations listed held meetings during the Relevant Time Period.

100.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 100 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 1-3, 2012, GPhA held its Annual Meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended this event.

101.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 101 of the Desonide DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on February 20-22, 2013, GPhA held its annual meeting in Orlando, Florida, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 101(a) of the Desonide DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employee listed in numbered Paragraph 101(b) of the Desonide DPP Complaint likely attended the above-referenced event.

102.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 102 of the Desonide DPP Complaint, except each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the events described in numbered Paragraph 102 of the Desonide DPP Complaint took place on the dates and at the location described in that numbered Paragraph, and that, as provided in subsection "d" below, certain Sandoz employees likely attended this event.

(a)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 102(a) of the Desonide DPP Complaint.

(b)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 102(b) of the Desonide DPP Complaint.

(c)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 102(c) of the Desonide DPP Complaint.

(d)    Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 102(d) of the Desonide DPP Complaint likely attended the above-referenced event.

103.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on April 20-23, 2013, NACDS held its

2013 Annual Meeting in Palm Beach, Florida, and that, as provided in subsection "d" below, certain Sandoz employees likely attended the April 20-23, 2013 NACDS Annual Meeting.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103(a) of the Desonide DPP Complaint.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103(b) of the Desonide DPP Complaint.

(c)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103(c) of the Desonide DPP Complaint.

(d)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 103(d) of the Desonide DPP Complaint likely attended the above-referenced event.

104.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 104 of the Desonide DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 2-5, 2013, HDMA held its Business Leadership Conference in Orlando, Florida, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 104(a) of the Desonide DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, certain of its employees likely attended the above-referenced event, but states that it is without knowledge or information sufficient to form a belief as to whether Alan Ryan and Dawn Doggett were among those who attended.

105.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 105 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 4-5, 2013, GPhA held a meeting in Bethesda, Maryland, and that, as provided in subsection "b" below, certain Sandoz employees likely attended the June 4-5, 2013 GPhA meeting.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 105(a) of the Desonide DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employee listed in numbered Paragraph 105(b) of the Desonide DPP Complaint likely attended the above-referenced event.

106.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 106 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on August 10-13, 2013, NACDS held its 2013 Total Store Expo at the Sands Expo and Convention Center in Las Vegas, Nevada, and that, as provided in subsection "d" below, certain Sandoz employees likely attended the August 10-13, 2013 NACDS Total Store Expo.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 106(a) of the Desonide DPP Complaint.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 106(b) of the Desonide DPP Complaint.

(c)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 106(c) of the Desonide DPP Complaint.

(d)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 106(d) of the Desonide DPP Complaint likely attended the above-referenced event.

107.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 107 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 28-30, 2013, GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended the October 28-30, 2013 GPhA Meeting.

108.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 108 of the Desonide DPP Complaint, except each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on December 3, 2013, NACDS held its

Foundation Reception and Dinner in New York, New York, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 108(a) of the Desonide DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 108(b) of the Desonide DPP Complaint likely attended the above-referenced event, except it states that it is without knowledge or information sufficient to form a belief as to whether Kirko Kirkov was among those employees who attended.

(c)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 108(c) of the Desonide DPP Complaint.

109.   Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 109 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on February 19-21, 2014, GPhA held its Annual Meeting at the JW Marriott in Orlando, Florida, and that certain Sandoz employees likely attended the February 19-21, 2014 GPhA Annual Meeting.

110.   Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the event described in numbered

Paragraph 110 of the Desonide DPP Complaint took place on the dates and at the location described in that numbered Paragraph, and that, as provided in subsection "a" below, certain Sandoz employees likely attended that event.

(a)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 110(a) of the Desonide DPP Complaint likely attended the above-referenced event.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110(b) of the Desonide DPP Complaint.

(c)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110(c) of the Desonide DPP Complaint.

(d)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110(d) of the Desonide DPP Complaint.

111.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111 of the Desonide DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on April 26-29, 2014, NACDS held its 2014 annual meeting in Scottsdale, Arizona, and that, as provided in subsection "b" below, certain Sandoz employees likely attended this event.

(a)      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111(a) of the Desonide DPP Complaint.

(b)      Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 111(b) of the Desonide DPP Complaint likely attended the above-referenced event.

(c)      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111(c) of the Desonide DPP Complaint.

(d)      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111(d) of the Desonide DPP Complaint.

112.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112 of the Desonide DPP Complaint.

113.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 113 of the Desonide DPP Complaint.

114.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 114 of the Desonide DPP Complaint.

115.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 115 of the Desonide DPP Complaint, except that they each admit that their headquarters are located in New Jersey and New York.

116.    Sandoz and Fougera each state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 116 of the Desonide DPP Complaint, except each denies that its employees met with competitors and discussed competitively sensitive information at any such events described.

117.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 117 of the Desonide DPP Complaint.

118.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 118 of the Desonide DPP Complaint.

119.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 119 of the Desonide DPP Complaint.

120.    Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 120 of the Desonide DPP Complaint.

121.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 121 of the Desonide DPP Complaint consist of public statements made during Actavis' October 29, 2013 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

122.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 122 of the Desonide DPP Complaint consist of public statements made during Actavis' August 5, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

123.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 123 of the Desonide DPP Complaint consist of public statements made during

Actavis' May 11, 2015 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

124.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 124 of the Desonide DPP Complaint consist of public statements made during Actavis' August 6, 2015 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

125.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 125 of the Desonide DPP Complaint.

126.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 126 of the Desonide DPP Complaint consist of public statements made during Perrigo's October 31, 2013 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

127.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 127 of the Desonide DPP Complaint consist of public statements made during Perrigo's Q3 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

128.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 128 of the Desonide DPP Complaint consist of public statements made during Perrigo's Q4 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

129.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 129 of the Desonide DPP Complaint consist of public statements made in Perrigo's

2014 Annual Report, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

130.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 130 of the Desonide DPP Complaint consist of public statements made during Perrigo's Q2 2015 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

131.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 131 of the Desonide DPP Complaint consist of public statements made during Perrigo's Q2 2015 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

132.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 132 of the Desonide DPP Complaint.

133.    Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 133  of the Desonide DPP Complaint.

134.    Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 134  of the Desonide DPP Complaint.

135.    Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 135  of the Desonide DPP Complaint.

136.    Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 136  of the Desonide DPP Complaint.

137.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 137 of the Desonide DPP Complaint consist of public statements made during Taro's

November 10, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

138.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 138 of the Desonide DPP Complaint consist of public statements made during Taro's November 10, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

139.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 139 of the Desonide DPP Complaint consist of public statements made during Taro's May 27, 2016 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

140.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 140 of the Desonide DPP Complaint consist of statements contained in an article published by *The Economic Times*, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

141.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 141 of the Desonide DPP Complaint.

142.     Sandoz and Fougera each admit that some allegations set forth in numbered Paragraph 142 of the Desonide DPP Complaint consist of statements contained in an article by Ed Silverman, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

143.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 143 of the Desonide DPP Complaint consist of statements contained in an article by

Liam Vaughan and Jered S. Hopkins, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

144.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 144 of the Desonide DPP Complaint, except it admits that Desonide is included in the GAO Report.

145.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 145 of the Desonide DPP Complaint consist of public statements made in a press release issued by the Pennsylvania Medical Society, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

146.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 146 of the Desonide DPP Complaint.

147.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 147 of the Desonide DPP Complaint consist of public statements made in a press release issued by Senator Sanders and Representative Cummings, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

148.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 148 of the Desonide DPP Complaint consist of statements made by Senator Sanders and Representative Cummings, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

149.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 149 of the Desonide DPP Complaint consist of excerpts from letters between Senator

Sanders and Representative Cummings and the Office of the Inspector General, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

150.   Sandoz and Fougera each admit that the allegation set forth in numbered Paragraph 150 of the Desonide DPP Complaint consists of an excerpt from the GAO's August 2016 report, but each denies that the price increases for Desonide were "extraordinary."

151.   Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 151 of the Desonide DPP Complaint, except each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date that DOJ opened a criminal investigation or empaneled a grand jury.

152.   Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 152 of the Desonide DPP Complaint, except each admits that the quoted text is taken from the cited *Bloomberg* article, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

153.   Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 153 of the Desonide DPP Complaint.

154.   Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 154 of the Desonide DPP Complaint consist of public statements made in Actavis' public filings, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

155.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 155 of the Desonide DPP Complaint consist of public statements made in Perrigo's public disclosures, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

156.     Sandoz and Fougera each admit the allegations contained in numbered Paragraph 156 of the Desonide DPP Complaint.

157.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 157 of the Desonide DPP Complaint consist of public statements made in Taro's SEC filings, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

158.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 158 of the Desonide DPP Complaint.

159.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 159 of the Desonide DPP Complaint.

160.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 160 of the Desonide DPP Complaint consist of excerpts from Chapter 3 of the 2014 edition of the DOJ's Antitrust Division Manual, but each states that it is without knowledge or information sufficient to form a belief as to the application of those excerpts to this case.

161.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 161 of the Desonide DPP Complaint.

162.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 162 of the Desonide DPP Complaint consist of statements made available on the DOJ's website, but each states that it is without knowledge or information sufficient to form a belief as to the application of those statements to this case.

163.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 163 of the Desonide DPP Complaint.

164.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 164 of the Desonide DPP Complaint consist of statements made during a January 9, 2017 Plea Hearing, but each states that it is without knowledge or information sufficient to form a belief as to the truth of those statements or the truth of the remaining allegations in that numbered Paragraph.

165.     Sandoz and Fougera each admit that the DOJ has intervened in MDL 2724, and admit that the allegations set forth in numbered Paragraph 165 of the Desonide DPP Complaint consist of statements made in the DOJ's Motion to Stay Discovery, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DOJ's investigation, and each denies the substance of the statements regarding the existence of an antitrust conspiracy.

166.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 166 of the Desonide DPP Complaint consist of statements made in the DOJ's Spring 2017 Division Update, but each denies the substance of the public statements relating to alleged collusion.

167.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 167 of the Desonide DPP Complaint consist of statements made in the States' original complaint, *The Connecticut Mirror* and by CTAG George Jespen, but each denies the substance of the statements.

168.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 168 of the Desonide DPP Complaint consist of public statements made by Connecticut Attorney General George Jepsen, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the scope of the Connecticut Attorney General's investigation, and each denies the substance of the statements.

169.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 169 of the Desonide DPP Complaint consist of statements made in the States' filings in this MDL, but each denies the substance of the statements.

170.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 170 of the Desonide DPP Complaint consist of public statements made by Connecticut Assistant Attorney General W. Joseph Nielsen, but each denies the substance of the statements.

171.    Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 171 of the Desonide DPP Complaint consist of public statements made by former New York Attorney General Eric T. Schneiderman, but each denies the substance of the statements.

172.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 172

of the Desonide DPP Complaint, except each admits that the DOJ and States have represented that their investigations are ongoing.

173.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 173 of the Desonide DPP Complaint.

174.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraphs 174(1)-(10) of the Desonide DPP Complaint.

175.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 175 of the Desonide DPP Complaint.

176.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 176 of the Desonide DPP Complaint.

177.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 177 of the Desonide DPP Complaint.

178.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 178 of the Desonide DPP Complaint.

179.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 179 of the Desonide DPP Complaint.

180.    Sandoz and Fougera each admit that, to the best of their knowledge, lead counsel for the Desonide DPP Putative Class Plaintiffs are experienced and competent antitrust class action attorneys.

181.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 181 of the Desonide DPP Complaint.

182.    Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 182 of the Desonide DPP Complaint.

183.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 183 of the Desonide DPP Complaint.

184.     Sandoz and Fougera each deny the legal conclusions set forth in numbered Paragraph 184 of the Desonide DPP Complaint.

185.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 185 of the Desonide DPP Complaint, except as otherwise admitted herein.

186.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 186 of the Desonide DPP Complaint.

187.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 187 of the Desonide DPP Complaint.

188.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 188 of the Desonide DPP Complaint.

189.     Numbered Paragraph 189 of the Desonide DPP Complaint states a legal conclusion to which no response is required.

190.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 190 of the Desonide DPP Complaint.

191.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 191 of the Desonide DPP Complaint.

192.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 192 of the Desonide DPP Complaint.

193.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 193 of the Desonide DPP Complaint.

194.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 194 of the Desonide DPP Complaint.

195.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 195 of the Desonide DPP Complaint.

196.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 196 of the Desonide DPP Complaint.

197.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 197 of the Desonide DPP Complaint.

### III.     SANDOZ AND FOUGERA'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

198.     Sandoz and Fougera each deny that the Desonide DPP Putative Class Plaintiffs are entitled to any relief.

### IV.     SANDOZ AND FOUGERA'S RESPONSE TO PLAINTIFFS' JURY TRIAL DEMAND

199.     No response is necessary to the Desonide DPP Putative Class Plaintiffs' demand for a trial by jury.

### V.     SANDOZ AND FOUGERA'S AFFIRMATIVE DEFENSES

#### First Defense

200.     The Desonide DPP Complaint fails to state a claim against Sandoz and Fougera upon which relief can be granted.

#### Second Defense

201.     The Desonide DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they lack Article III and statutory standing to assert their claims.

## Third Defense

202.    The Desonide DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## Fourth Defense

203.    The Desonide DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

## Fifth Defense

204.    The Desonide DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## Sixth Defense

205.    The Desonide DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the Desonide DPP Putative Class Plaintiffs have not suffered any antitrust injury.

## Seventh Defense

206.    The Desonide DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the Desonide DPP Putative Class Plaintiffs' alleged damages, if any, are speculative and uncertain.

## Eighth Defense

207.    The Desonide DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the relief sought is broader than what is necessary to remedy the alleged harm.

## Ninth Defense

208.    This action may not be maintained as a class action.

## <u>Reservation of Defenses and Affirmative Defenses</u>

209.   Sandoz and Fougera hereby give notice that they intend to assert and rely upon such other defenses and affirmative defenses that may become available or apparent as this action proceeds, and thus reserve the right to amend this Answer to assert such defenses.

Dated:  March 15, 2019

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
Margaret A. Rogers
Amanda C. Croushore
Kathryn L. Rosenberg
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Tel:  (212) 836-8000
Fax:  (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com
amanda.croushore@arnoldporter.com
kathryn.rosenberg@arnoldporter.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001
Tel:  (202) 942-5000
Fax:  (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and
Fougera Pharmaceuticals Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2019, I caused a copy of Sandoz' and Fougera's Answers and Affirmative Defenses to the Desonide Consolidated Direct Purchaser Class Action Complaint to be filed electronically with the Clerk of Court by using the CM/ECF system, which will serve a copy on all counsel of record in the above-captioned action and is available for viewing and downloading from the ECF system.

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern
